UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PEARSON & SON EXCAVATING CO., INC.,
and PEARSON & SON EXCAVATING CO.,
LLC.,

                            CIVIL CASE NO. 03-40246

                    Plaintiffs,

v.                                    HONORABLE PAUL V. GADOLA
                                    U.S. DISTRICT COURT

WESTERN RECREATIONAL VEHICLES,
INC.,

                    Defendant.
_____/

## <u>ORDER</u>

Before this Court is Defendant's motion for summary judgment filed on May 17, 2005, and Magistrate Judge Virginia M. Morgan's Report and Recommendation. The Magistrate Judge served the Report and Recommendation on the parties on December 28, 2005, and notified the parties that any objections must be filed within ten days of service. Both Plaintiff and Defendant timely filed objections to portions of the Report and Recommendation. For the reasons stated below, the Court sustains Plaintiffs' objections, overrules Defendant's objections, and grants in part and denies in part Defendant's motion for summary judgment.

In August 2003, Plaintiffs filed suit against Defendant alleging breaches of warranties arising out of Plaintiffs' purchase of a motor home manufactured by Defendant. This Court remanded the state law claims to Wayne County Circuit Court leaving two federal claims pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*, a claim for breach of an implied warranty of merchantability and a claim for breach of a written warranty. In her Report and

Recommendation, the Magistrate Judge recommended that Defendant's motion for summary judgment be granted, by dismissing both Plaintiffs' breach of implied warranty claim and Plaintiffs' breach of written warranty claim.

## I.     Standard of Review

The Court's standard of review for a Magistrate Judge's Report and Recommendation depends upon whether a party files objections. If a party does not object to the Report and Recommendation, the Court does not need to conduct a review by any standard. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) (Gadola, J.). If a party does object to portions of the Report and Recommendation, the Court reviews those portions de novo. *Lardie*, 221 F. Supp. 2d at 807. The Federal Rules of Civil Procedure dictate this standard of review in Rule 72(b), which states, in relevant part:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, or any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b). Here, because the parties have filed objections, this Court reviews de novo those portions to which an objection has been made. *See Lardie*, 221 F. Supp. 2d. at 807.

De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's Report and Recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court may

2

supplement the record by entertaining additional evidence, but is not required to do so.  12 Wright,

Federal Practice § 3070.2.  After reviewing the evidence, the Court is free to accept, reject, or

modify the findings or recommendations of the Magistrate Judge.  *See Lardie*, 221 F. Supp. 2d at

807.  If the Court accepts a Report and Recommendation, the Court is not required to state with

specificity what it reviewed; it is sufficient for the Court to state that it engaged in a de novo review

of the record and adopts the Report and Recommendation.  *See id.*; 12 Wright, Federal Practice §

3070.2.

## II.    Plaintiffs' breach of implied warranty claim

The Magistrate Judge recommended that Plaintiffs' breach of implied warranty claim should

be dismissed with prejudice because there is no privity of contract between Plaintiffs and Defendant.

In her Report and Recommendation, the Magistrate Judge acknowledged that the Michigan Supreme

Court has not squarely addressed the question whether privity of contract is required to bring a claim

for breach of implied warranty.  The Magistrate Judge came to the conclusion that privity of contract

is required even while noting the existence of conflicting case law in both the Michigan Court of

Appeals and the United States Eastern District of Michigan, and while noting that this same Court

had come to the opposite conclusion in *Leyva v. Coachmen R.V. Co.*, 2005 WL 2246835 (E.D. Mich.

Sept. 15, 2005) (Gadola, J.).  In their objections, Plaintiffs argue that the case law holding that

privity of contract is not required for a breach of implied warranty claim should be followed.

This Court finds that its analysis of the current case law, as set out in the *Leyva* case, is still

compelling and thus, the Court will continue to hold the rule "that Michigan law does not require

privity of contract to exist between a plaintiff and a remote manufacturer before that Plaintiff may

sue the manufacture for a breach of the implied warranty of merchantability." *Id.* Consequently, in this case, Plaintiffs do not need privity of contract with Defendant in order to bring their claim for breach of implied warranty against Defendant. Therefore, the Court sustains Plaintiffs' objections, and denies Defendant's motion for summary judgment with regard to the breach of implied warranty claim.

### III.    Plaintiffs' breach of written warranty claim

The Magistrate Judge found that the breach of written warranty claim fell squarely within the scope of the enforceable arbitration clause contained in the warranty agreement. For this reason, the Magistrate Judge recommended that Defendant's motion for summary judgment be granted, that the breach of written warranty claim be dismissed from this action, in order to be pursued in arbitration proceedings.

Defendant filed partial objections to this portion of the Magistrate Judge's order, arguing that the Court should dismiss the claim without even considering the effect of the arbitration clause because Plaintiffs are allegedly unable to bring an independent cause of action under the Magnuson-Moss Warranty Act without an underlying state law claim.

After a de novo review, this Court determines that Plaintiff is still able to bring a cause of action under the Magnuson-Moss Warranty Act without an underlying state law claim. *See* 15 U.S.C. § 2310. Furthermore, the Court concludes that the Magistrate Judge's reasoning concerning the validity and enforcement of the arbitration clause is sound. Therefore, with respect to Plaintiffs' breach of written warranty claim, the Court adopts the Magistrate Judge's Report and Recommendation as the opinion of this Court, and grants Defendant's motion for summary

4

judgment.

        **ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiffs' Objections to the Report and Recommendation [docket entry 75] are **SUSTAINED**.

        **IT IS FURTHER ORDERED** that, with respect to Plaintiffs' breach of implied warranty claim, Defendant's motion for summary judgment [docket entry 68] is **DENIED**.

        **IT IS FURTHER ORDERED** that Defendant's Objections to the Report and Recommendation [docket entry 76] are **OVERRULED**.

        **IT IS FURTHER ORDERED** that, with respect to Plaintiffs' breach of written warranty claim, the Report and Recommendation [docket entry 74] is **ACCEPTED and ADOPTED** as the opinion of this Court, and Defendant's motion for summary judgment [docket entry 68] is **GRANTED**. Plaintiffs' breach of written warranty claim is **DISMISSED** from this action, and must be submitted to arbitration proceedings pursuant to the arbitration clause of the warranty agreement.

        **SO ORDERED.**

Dated:  __March 31, 2006__                s/Paul V. Gadola_____
                                          HONORABLE PAUL V. GADOLA
                                          UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on  April 3, 2006 , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

 Michael D. Dolenga; Karl P. Heil; Jeffrey R. Nowicki; Mark P. Romano ,
and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: _____.


s/Ruth A. Brissaud_____
Ruth A. Brissaud, Case Manager
(810) 341-7845

6