UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PEARSON & SON EXCAVATING, CO., INC.,
and PEARSON & SON EXCAVATING, CO.,
LLC.,

                                          CIVIL CASE NO. 03-40246

                             Plaintiffs,

v.                                      HONORABLE PAUL V. GADOLA
                                                U.S. DISTRICT COURT

WESTERN RECREATIONAL VEHICLES,
INC.,

                             Defendant.
_____/

## **ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendant's motion for summary judgment filed on August 11, 2006. For the reasons set forth below, the Court denies Defendant's motion for summary judgment.

**I.    Background**

In August 2003, Plaintiffs Pearson & Son Excavating Co., Inc., and Pearson & Son Excavating Co., LLC filed suit against Defendant Western Recreational Vehicles, Inc. alleging breaches of warranties arising out of Plaintiffs' purchase of a motor home manufactured by Defendant. This Court remanded all state law claims to Wayne County Circuit Court leaving two federal claims brought pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*, namely, a claim for breach of implied warranty of merchantability and a claim for breach of written warranty.

On May 17, 2005, Defendant filed a motion for summary judgment, which was referred to Magistrate Judge Virginia M. Morgan for a Report and Recommendation. On December 28, 2005, Magistrate Judge Morgan issued a Report and Recommendation recommending that the Court grant Defendant's motion for summary judgment and dismiss both the breach of implied warranty claim

and the breach of written warranty claim. Both parties filed objections to Magistrate Judge Morgan's Report and Recommendation. On March 31, 2006, after a *de novo* review, this Court sustained Plaintiffs' objections and overruled Defendant's objections, thereby granting in part and denying in part Defendant's motion for summary judgment. In particular, this Court dismissed the breach of written warranty as recommended by the Magistrate Judge, but retained the breach of implied warranty claim after holding, contrary to the Magistrate Judge's finding, that privity of contract was not required for Plaintiff to bring a breach of implied warranty claim.

On April 27, 2006, Defendant filed a motion for reconsideration of this Court's March 31, 2006 order. In the motion, Defendant argued that the Court was incorrect in finding that Plaintiff could pursue an independent cause of action under the Magnuson-Moss Warranty Act. On May 30, 2006, this Court denied Defendant's motion for reconsideration because it was not filed within ten days after entry of the Court's order as required by Local Rule 7.1 for the Eastern District of Michigan. In the order denying Defendant's motion for reconsideration, this Court did not consider the merits of Defendant's argument concerning independent causes of action under the Magnuson-Moss Warranty Act.

On August 11, 2006, Defendant renewed its motion for summary judgment, arguing that the issue of whether Plaintiffs are able to bring a cause of action under the Magnuson-Moss Warranty Act without an underlying state claim had not been fully and fairly analyzed by the Court. Plaintiffs objected to the filing of Defendant's motion by asserting Defendant was seeking to reargue an issue already ruled upon by the Court.

**II.    Analysis**

Defendant objects to the following line in this Court's March 31, 2006 order: "Plaintiff is

still able to bring a cause of action under the Magnuson-Moss Warranty Act without an underlying state claim.  *See* U.S.C. § 2310." Order, docket entry 82 (Mar. 31, 2006).  Defendant argues that the Magnuson-Moss Warranty Act does not provide an independent cause of action and that since there are no longer any state law claims before this Court, Defendant is entitled to dismissal of the case.   After further review of the statutory language and relevant case law, the Court again affirms its ruling that the  Magnuson-Moss Warranty Act provides for an independent cause of action for a breach of implied warranty.  The Magnuson-Moss Warranty Act provides in relevant part:

> (1) **[A] consumer who is damaged** by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this title [15 USCS §§ 2301 et seq.], or **under a written warranty, implied warranty**, or service contract, may bring suit for damages and other legal and equitable relief –
> (A) in any court of competent jurisdiction in any State or the District of Columbia; or
> (B) in an appropriate district court of the United States, subject to paragraph (3) of this subsection.

15 U.S.C. § 2310(d)(1) (emphasis added).

Admittedly, the Magnuson-Moss Warranty Act does not describe the elements of a breach of implied warranty claim.  Instead, the Act permits "consumers to enforce written and implied warranties in federal court, borrowing state law causes of action."  *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 405 (7th Cir. 2004) (citing *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 956 (7th Cir. 1998)).  Thus, the language of the Act permits a plaintiff to pursue an implied warranty claim regardless of whether the plaintiff has also brought a state law implied warranty claim.  To be sure, a plaintiff's implied warranty claim brought under the Magnuson-Moss Warranty Act rests on the application of state law; a Magnuson-Moss implied warranty claim is only successful if the plaintiff would be able to assert a valid implied warranty claim under state law.  This does not mean, however, that the absence of a separate implied warranty claim under state law in a case precludes

a claim under the Magnuson-Moss Warranty Act.

In this case, all the state law claims were remanded to state court on October 7, 2003, while the two claims brought under the Magnuson-Moss Warranty Act were retained. The Court finds that the Act permits Plaintiffs to bring an independent cause of action for breach of implied warranty. Consequently, Defendant is not entitled to summary judgment.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's motion for summary judgment [docket entry 96] is **DENIED**. Plaintiff's claim of breach of implied warranty brought pursuant to the Magnuson-Moss Warranty Act remains before the Court.

**SO ORDERED.**

Dated: March 14, 2007    s/Paul V. Gadola
HONORABLE PAUL V. GADOLA
UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on March 15, 2007, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
    Michael D. Dolenga; Karl P. Heil; Jeffrey R. Nowicki; Mark P. Romano, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: _____.

s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(810) 341-7845